**In re Y.H.**

C.P. of Lycoming County, No. 15-80,023

LOVECCHIO, *J.*, May 22, 2015—Pursuant to 50 P.S. § 7304, upon a finding by clear and convincing evidence that a person is severely mentally disabled and in need of treatment, said person may be made subject to court ordered involuntary treatment for a period not to exceed ninety (90) days.

The Respondent is an inmate at the State Correctional Institution (SCI) at Muncy. She was institutionalized at SCI — Muncy on October 10, 2012 following a conviction for first degree murder.

By Petition filed on April 17, 2015 by a representative of SCI — Muncy, it was alleged that Respondent is severely mentally disabled and in need of treatment.

On April 30, 2015, a hearing was held before David Raker, Esquire, Hearing Examiner. Respondent was found to be severely mentally disabled and in need of inpatient treatment and committed to the Mental Health Unit at SCI — Muncy as a severely mentally disabled person pursuant to the provisions of the Mental Health Procedures Act for a period not to exceed sixty (60) days.

By Order of Court dated April 30, 2015, upon consideration of the report of Mr. Raker filed in this matter, President Judge Nancy L. Butts of the Court of Common Pleas of Lycoming County Ordered and Directed that Respondent be committed to the SCI — Muncy Mental

Health Unit for inpatient care and treatment as a severely mentally disabled person. The care and treatment ordered pursuant to § 7304 (c) of the Mental Health Procedures Act was ordered to continue for a period not to exceed sixty (60) days.

On May 11, 2015, Respondent filed a Petition for Review. The hearing and argument on said Petition was held before the Court on May 14, 2015.

Pursuant to 50 P.S. § 7303 (g), in all cases in which a hearing was conducted by a Mental Health Review Officer, a person made subject to treatment pursuant to the section shall have the right to petition the Court of Common Pleas for review of the certification. The hearing must include a review of the certification and such evidence as the Court may receive or require. If the Court determines that further involuntary treatment is necessary and that the procedures prescribed by the Act have been followed, it shall deny the Petition. Otherwise, the person shall be discharged.

At the hearing held in connection with the Petition for Review, counsel for the Respondent, hereinafter Petitioner, conceded that the procedures prescribed by the Act were followed. In fact, the Court finds that the procedures set forth in 50 P.S. § 7304 (c), (d) (e) have all been complied with.

Petitioner argues, however, that there was no clear or convincing evidence that she was severely mentally disabled and in need of treatment.

In addressing Petitioner's Petition for Review, the Court reviewed the certification and relevant paperwork submitted in connection with the 304 (c) Petition. The

Court also reviewed a transcript of the hearing before Hearing Officer Raker. The initial transcript was not decipherable. An additional transcript was directed to be provided to the Court. It was subsequently provided and reviewed.

In order for the Court to determine that Petitioner is severely mentally disabled and in need of treatment, the Court must find that there was clear and convincing evidence that Petitioner presented a danger to herself or others. Petitioner's counsel argues that the clear and convincing standard was not met because testimony at the hearing indicated that Petitioner has not harmed or threatened to harm herself or others and that she is meeting her daily living needs.

Contrary, however, to what Petitioner contends, the Court finds that the evidence was overwhelming and in support of the conclusion that Petitioner is unable to provide for her self-protection or safety. The Court finds that there is a reasonable probability that death, serious bodily injury or serious physical debilitation would occur were it not for the intervention as requested. *See*, for example, *In Re: S.B.*, 777A.2d 454 (Pa. Super. 2000).

There is credible and in fact substantial evidence that the Petitioner's symptoms include delusional thoughts, paranoia, agitation, grandiose thinking and anguish. Her treating physician's testimony, when taken as a whole, supports a conclusion that there is a real potential for danger and that the Petitioner remains a clear and present danger to herself in light of the fact that she is not taking medication and is not following her treatment directives.

Unfortunately, Petitioner is in a State Correctional Institution surrounded by numerous other individuals who have committed various crimes and who are a danger to society. Petitioner was described as "delusional, defiant and angry." Significantly, when the Petitioner committed her previous murders, she was under "similar" stressors. She was described as being highly distressed and refused to take her medication to treat her paranoid disorder.

Petitioner's refusal to take medications only exacerbates her symptoms. She was accusing staff and other inmates of spraying her with chemicals. She was also complaining of smells and stink bombs and was acting more agitated and aggressive. She recently was engaged in an altercation with other inmates who she claimed elbowed her in retaliation for her alleging that they poisoned and sprayed her with deer urine.

Of significant concern to the staff, her treating physician and the Hearing Officer is the fact that her present behaviors are strikingly similar and "almost identical" to her behaviors just before she committed her homicides.

The Court cannot and will not ignore her history of acting out under similar circumstances. The Court will not wait until another tragedy occurs. Petitioner's history of acting out following non-compliance clearly portends future deterioration and acting out, absent involuntary treatment.

## ORDER

AND NOW, this 22nd day of May 2015, following a review of the initial Certification, a review of the evidence received at the hearing and a review of the additional evidence requested by the Court, the Court DENIES

the Petition for Mental Health Review. Petitioner shall remain involuntarily committed for a period of no longer than sixty (60) days following April 30, 2015 and shall complete an involuntary inpatient commitment, including medication being administered as directed by her treating physician.